MICHAEL E. WITHEY, WSBA #4787
BRAD J. MOORE, WSBA #21802
STRITMATTER KESSLER WHELAN WITHEY COLUCCIO
200 Second Ave.
West Seattle, WA 98119
206-448-1777
206-728-2131 (fax)

BREEAN L. BEGGS, WSBA #20795
JOHN D. SKLUT, WSBA #37147
CENTER FOR JUSTICE
35 W. Main, Suite 300
Spokane, WA  99201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RATTHAPON YAPUNYA, SOMKHIT NASEE, and WISIT KAMPILO,<br><br>                         Plaintiffs,<br><br>vs.<br><br>GLOBAL HORIZONS MANPOWER, INC., MORDECHAI ORIAN, PLATTE RIVER INSURANCE COMPANY, ACCREDITED SURETY AND CASUALTY COMPANY, INC., VALLEY FRUIT ORCHARDS, LLC, and GREEN ACRE FARMS, INC.<br><br>                       Defendants. | No.   **CV-06-3048-RHW**<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

1

2

## I.  <u>INTRODUCTION</u>

3

4

1.1  Plaintiffs are migrant farm workers from Thailand who bring this action

5

to redress violations of their rights under the Fair Labor Standards Act (FLSA), 29

6

U.S.C. §201 et seq., the Washington Farm Labor Contractor Act, and Washington

7

and Hawaii state law by the defendant labor contractor and orchards who

8

employed them in 2004 and 2005 in Washington and Hawaii.

9

1.2    Plaintiffs request jury trial.

10

## II.  <u>JURISDICTION AND PARTIES</u>

11

12

2.1    This court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28

13

U.S.C. §1331 (Federal Question); 28 U.S.C. §1337 (Interstate commerce); and 29

14

U.S.C. §216(b) (FLSA.)

15

2.2    This court is requested to exercise supplemental jurisdiction over

16

Plaintiffs' related state law claims pursuant to 28 U.S.C. §1367(a).

17

This case is brought as a combined class action and collective action pursuant to 29

18

U.S.C. §216(b).

19

20

2.3    All members of the class (as more fully defined below) are similarly

21

situated for purposes of 29 U.S.C. §216(b).

22

2.4    Plaintiffs are citizens of the Kingdom of Thailand who at all times

23

24

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL **- 2**

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER**
**WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

relevant to Plaintiffs' claims were employed by defendant Global Horizons, Inc.

("Global") as seasonal agricultural workers in orchards and fields in both Eastern

Washington and Hawaii.  Plaintiffs were Defendant Global's employees within the

meaning of FLSA at 29 U.S.C. §203(e).

2.5    Plaintiffs were at all times relevant to this action employed by

Defendant Global as temporary foreign agricultural workers ("H2A workers") as

defined by the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii), in

the production of goods for commerce or in an enterprise engaged in commerce.

2.6    Defendant Global is a California corporation with its principal place

of business in Los Angeles, California.

2.7    Defendant Global is an agricultural employer within the meaning of

FLSA at 29 U.S.C. §203(d).

2.8    Defendant Global is a farm labor contractor as defined by RCW

19.30.010 (2).

2.9    Defendant Mordechai Orian ("Orian") is a resident of the State of

California and liability against him is premised on the Fair Labor Standards Act

and/or the Washington Minimum Wage Act.

2.10    Defendant Platte River Insurance Company ('Platte River") is a

Nebraska corporation with its principal place of business in Madison, Wisconsin.

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

2.11    Defendant Platte River financed surety bond 41006867 in the amount of $10,000 for defendant Global Horizon pursuant to RCW 19.30.040.

2.12    Defendant Platte River financed an additional Surety Bond, Bond No. 41006926, in the amount of $20,000 for defendant Global, effective October 1, 2004.

2.13    Defendant Accredited Surety and Casualty Company is Florida corporation with its principal place of business in Winter Park, Florida.

2.14    Defendant Accredited Surety and Casualty Company issued Bond No. 10030062 to Global on December 22, 2004.  A bond rider was issued on February 8, 2005 increasing the bond amount from $60,000 to $160,000.

2.15    Defendant Valley Fruit is a Limited Liability Company, with its principal place of business in Harrah, Washington.  Defendant Valley Fruit is an agricultural employer pursuant to RCW 19.30.010(4).

2.16    Defendant Green Acre is a Washington Corporation with its principal place of business in Harrah, Washington.  Defendant Green Acre is an agricultural employer pursuant to RCW 19.30.010(4).

## III.  <u>FACTS</u>

**STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

3.1    Defendant Global contracted in or about January 2004 to provide farm labor contracting services, including recruiting, transporting, housing, and paying workers, to two Washington orchardists, Valley Fruit Orchards, LLC (Valley Fruit) and Green Acre Farms, Inc. (Green Acre).

3.2    Defendant Global did not have a Washington farm labor contractor's license at the time it contracted with Valley Fruit and Green Acre.

3.3    Defendant Global failed to obtain a license to work as a farm labor contractor in Washington State until in or about October, 2004.

3.4    Defendant Global engaged in farm labor contracting activities without being licensed to engage in such activities, as required by RCW 19.30.030.

3.5    Defendants Valley Fruit and Green Acre knowingly used the services of Global while Global was an unlicensed farm labor contractor.

3.6    Defendant Global sought and obtained the approval of the U.S. Department of Labor for temporary labor certification for 131 foreign workers to be employed at Green Acre pursuant to the H2A program for a period from March, 2004 until November 5, 2004.

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

3.7    Defendant Global sought and obtained the approval of the U.S. Department of Labor for temporary labor certification for 62 foreign workers to be employed at Valley Fruit from August, 2004 until October 31, 2004.

3.8    The temporary foreign agricultural worker program ("H2A") is a program provided for as part of federal immigration law which permits agricultural employers to obtain temporary visas for foreign agricultural workers provided that two conditions are met: a) there are not sufficient authorized workers already in the United States to fill the positions offered; and b) the positions are offered with terms and conditions which do not adversely affect similarly employed U.S. workers. 8 U.S.C. 1188(a).

3.9    In their petition for H2A workers to the U.S. Department of Labor, Global promised to comply with the terms of the approved application and the regulations.

3.10    Under the law, the approved application contains terms and conditions of employment which become part of the H2A worker's contract of employment.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 6

**STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

3.11   The application contained, explicitly and implicitly by incorporation of applicable law, regulations and U.S. Department of Labor policies, the following provisions among others:

    3.11.1    Housing would be provided that met OSHA standards, at no cost to the worker;

    3.11.2    Cooking Facilities would be provided;

    3.11.3    The Employer would provide transportation or reimburse the cost of inbound transportation and subsistence en route for any worker who completed 50% of the contract period;

    3.11.4    "Three-quarter Guarantee" (i.e., guaranteed work for at least three-fourths of the workdays of the total contract);

3.12   In 2004, Global authorized, as its agent and pursuant to a Power of Attorney, one or more Thai recruitment companies, including AACO International Recruitment Company, Ltd. ("AACO"), to recruit workers in Thailand for the H2A jobs certified by the U.S. Department of Labor in Washington State.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 7

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO**
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

1    3.13    AACO, acting through its agents and employees and in concert with

2  and at the request of Global, recruited plaintiffs for the H2A jobs.

3

4    3.14    Neither AACO nor any of its agents or employees was licensed as a

5  farm labor contractor in the State of Washington at any time relevant to this

6  complaint.

7

8    3.15    Global knowingly used the services of AACO to perform farm labor

9  contracting activities.

10

11    3.16    Plaintiffs were recruited in Thailand for the H2A jobs offered by

12  defendant Global and their agents and subcontractors.

13

14  Plaintiffs were not provided with any written statement describing the terms and

15  conditions of the H2A job being offered by Global at the time of recruitment.

16

17    3.17    Plaintiffs were not provided with any written statement describing the

18   terms and conditions of the H2A job being offered by Global at the time of hiring.

19

20    3.18    Global, through its agents and subcontractors, made false and

21  misleading oral representations to plaintiffs regarding the terms of their

22  employment at the time of recruitment.

23

24  CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
    JURY TRIAL - 8

    N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

3.19    AACO and its agents and employees had actual and/or apparent authority to make misleading representations on behalf of Global.

3.20    Plaintiffs had to pay certain fees and expenses in order to obtain their temporary foreign agricultural worker visas and travel to Washington state to work for Global and Valley Fruit or Green Acre, including:

        3.20.1        The costs of physical exams;

        3.20.2        Visa application fees;

        3.20.3        Travel back and forth from their homes in the Kingdom of Thailand;

        3.20.4        The costs of obtaining passports;

        3.20.5        Service fees.

3.21    All of these fees and expenses were an incident of and necessary to their employment with Global and Valley Fruit or Green Acre.

3.22    Plaintiffs incurred costs ranging from approximately $10,000 to $17,000 each to obtain their jobs.

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

3.23    Global knew at the time the plaintiffs were recruited in the Kingdom

of Thailand and brought to the United States that the plaintiffs had paid or pledged

large recruitment fees in order to obtain employment with Global.

3.24    Plaintiffs paid these costs and fees in the Kingdom of Thailand to

defendants' agents and subcontractors – e.g., AACO.   If the plaintiffs did not have

sufficient funds to pay the fees or borrow it from a bank, these agents and

subcontractors loaned them the money.

3.25    Plaintiffs had to assign deeds to property owned by themselves or

family members, both to secure payment of the fees still owing and to secure

plaintiffs' return to Thailand at the end of their contracts.

3.26    Shortly before leaving Thailand and after incurring great expense to

secure employment with Global, plaintiffs were given an employment agreement

between plaintiffs and Global, which plaintiffs were instructed to sign.  After

plaintiffs signed the employment agreements, the agreements were taken away.

3.27    The employment agreement promised, among other things, that "all

agricultural workers [i.e., plaintiffs] shall be at work a minimum of eight (8) hours

per day, five (5) days a week".

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

3.28    The employment agreement also promised, among other things, that

the hourly wage to be paid each plaintiff would be $8.71.

3.29    The employment agreement also promised, among other things, that

that the employment agreement would be for one year and may be extended to 30

months at Global's discretion.

3.30    The agreement failed to state the approximate length of season, period

of employment or starting and ending dates of the H2A job that had been

approved.

3.31    Plaintiffs obtained visas and traveled to Washington State between

May and July, 2004.

3.32    Once in Washington State, plaintiffs were employed at orchards

owned by Valley Fruit and Green Acre until the Clearance Order ended on or

about November 5, 2004.

3.33    During the course of their employment, the Plaintiffs worked on crops

which were produced for movement in interstate commerce or for incorporation as

an ingredient in products which could be anticipated to move in interstate

commerce.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 11

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

3.34   Defendants initially housed plaintiffs in overcrowded, substandard conditions in housing that had not been approved by the Washington State Department of Health or any other state or federal authority.

3.35   Defendant Global had represented in their H2A application to the U.S. Department of Labor that the workers would be housed in a different location, which had been approved by the State Department of Health.

3.36   Defendant Global made unlawful deductions from plaintiffs' pay for state income taxes and federal income taxes in the State of Washington and/or the State of Hawaii.

3.37   In or about November, 2004, Global transported plaintiffs Ratthapon Yapunya, Somkhit Nasee and others ("Maui Plaintiffs") to Hawaii to work on an H2A clearance order approved for the period from November, 2004 to September, 2005, for plaintiffs to harvest pineapples at the Maui Pineapple Company.

3.38   Maui Plaintiffs worked for defendant Global in Hawaii from November, 2004 until September 15, 2005 and beyond.

3.39   In Hawaii, Defendants took deductions from Maui Plaintiffs' pay for food without written authorization from the plaintiffs.

**STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO**
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

3.40    In Hawaii, Defendants took deductions from Maui Plaintiffs' pay for federal income tax.

3.41    In Hawaii, defendants failed to pay overtime to Maui Plaintiffs for work performed over 48 hours per week.

3.42    Maui Plaintiffs were not provided at least eight hours of work a day, five days a week, from the beginning of their employment in violation of the employment agreement.

3.43    In the State of Washington, Plaintiffs were not provided at least eight hours of work a day, five days a week, from the beginning of their employment in violation of the employment agreement.

3.44    In or about November, 2004, Global sent plaintiff Wisit Kampilo and others ("Returned Plaintiffs") back to Thailand.

3.45    Global promised Returned Plaintiffs that they would be brought back to Washington State to resume working within a few months.

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

3.46    Returned Plaintiffs were not offered any employment with Global after returning to Thailand in November of 2004 until September of 2005 when defendants finally brought them back to Washington for additional work.

3.47    Global breached its contract with Returned Plaintiffs because they were not given work a minimum of eight hours a day, five days a week, at an hourly rate of $8.71 for a term of one year.

3.48    The costs and fees incurred by all plaintiffs in coming to the United States to accept employment with Defendants reduced plaintiffs' wages below the required minimum wage and below the wages defendants were obligated to pay them.

3.49    For multiple weeks during their employment with defendants, plaintiffs were not offered eight hours of work a day, five days a week, as promised in the employment agreement drafted by Global.

3.50    Global's failure to pay minimum wage to each class member was willful.

3.51    All of the actions and omission alleged in the paragraphs above were undertaken by the defendants either directly or through their agents.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 14

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

1

2

## IV. <u>STATEMENT OF CLAIMS</u>

3

### A.  <u>FAIR LABOR STANDARDS ACT</u>

4

<u>First Cause of Action, Failure to Pay Federal Minimum Wage</u>

5

6       4.1    All facts alleged above are reasserted here in support of Plaintiffs'

cause of action set forth below.

7

8       4.2    At all times relevant to this action, the Plaintiffs were employed by

some or all of the defendants within the meaning of the FLSA.

9

10      4.3    Defendants failed to pay Plaintiffs the required minimum wage in

11  violation of 29 U.S.C. §206, giving rise to a cause of action under 29 U.S.C.

12  §216(b).

13      ### B.  <u>WASHINGTON STATE CLAIMS</u>

14      <u>Second Cause of Action, Violations of Farm Labor Contractors Act</u>

15

16      4.4    All facts alleged above are reasserted here in support of Plaintiffs'

cause of action set forth below.

17

18      4.5    Defendant Global and their agents and subcontractors made false and

19  misleading representations to plaintiffs concerning the terms and conditions of

20  employment in violation of RCW 19.30.120(2).

21

22

23

24
CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL **-** 15

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

1

2

4.6    Defendants Valley Fruit and Green Acre are jointly and severally

liable with Global and its agents and subcontractors for all violations of FLCA,

3

pursuant to RCW 19.30.200

4

5

4.7    Defendant Global and its agents and subcontractors violated their

6

duties as farm labor contractors by:

7

4.7.1. Failing to provide written statements at the time of

8

recruiting, soliciting or hiring, whichever occurred first, as

9

required by RCW 19.30.110(7);

10

4.7.2. Failing to comply with the terms and provisions of their

11

agreements and contracts, in violation of RCW 19.30.110(5);

12

13

4.7.3. Acting as farm labor contractors without a license to do

14

so from the State of Washington, in violation of RCW

15

19.30.020.

16

Third Cause of Action: Washington State Wage and Contract Laws.

17

4.8    All facts alleged above are reasserted here in support of Plaintiffs'

18

cause of action set forth below.

19

20

4.9    Defendants violated Washington State wage law at R.C.W. 49.52.050

21

by taking unlawful deductions from Plaintiffs' wages.  Cause of action provided

22

for at RCW 49.52.070.

23

24

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 16

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

<u>Fourth Cause of Action:  Breach of Contract</u>.

4.10   All facts alleged above are reasserted here in support of Plaintiffs' cause of action set forth below

4.11   Defendants entered into employment contracts with the Plaintiffs.

4.12   The defendants breached their contracts with Plaintiffs by failing to comply with the promised terms and conditions of employment;

4.13   As a direct consequence of the defendants' breach, the Plaintiffs suffered substantial consequential damages.

C. <u>HAWAII STATE LAW CLAIMS</u>

Sixth Cause of Action:  Unlawful Withholding of Wages.

4.14   All facts alleged above are reasserted here in support of Plaintiffs' cause of action set forth below.

4.15   Defendant Global deducted money from plaintiffs' Hawaii paychecks that was neither required by federal or state statute nor authorized in writing by plaintiffs, in violation of Hawaii Revised Statutes §388-6.  Only the Maui Plaintiffs (as defined below) assert claims based on Hawaii state law and these claims are brought only against Global.

**STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

# V.  <u>CLASS ALLEGATIONS</u>

5.1    This claim is brought on behalf of a class and/or sub-class(es) of similarly situated employees of defendants pursuant to FRCP 23.  The general class is defined as follows:

> All citizens of the Kingdom of Thailand who (1) were brought to the State of Washington in 2004 under the H2A visa program, (2) entered into employment agreements with Global that called for a minimum of eight hours of work a day, five days a week, at an hourly wage stated in the employment agreement (3) were not paid the required contractual minimum each and every week for at least one year from the date each class member first arrived in the State of Washington and (4) worked at Valley Fruit Orchards and/or Green Acre Farms.

The "Maui Plaintiffs" sub-class is defined as follows:

> All citizens of the Kingdom of Thailand who (1) were brought to the State of Hawaii in 2004 and/or 2005 under the H2A visa program, (2) entered into employment agreements with Global that called for a minimum of eight hours of work a day, five days a week, at an hourly wage stated in the employment agreement, (3) were not paid the required contractual minimum each and every week for at least one year from the date each class member first arrived in the State of Hawaii, (4) had money deducted from their pay without their written authorization to purportedly pay for food, and/or (5) had federal and/or state income tax deducted from their pay, and (6) were not paid overtime for hours worked over 48 hours per week.

5.2    The Plaintiffs allege that the class is so numerous that joinder of all members is impractical, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

1    claims or defenses of the class, and the representative parties will fairly and

2    adequately protect the interests of the class.

3        5.3    The prosecution of separate actions concerning the issues in this case

4    by or against individual members of the class would create a risk of:

5

6            (A)    inconsistent or varying adjudications with respect to individual

7                members of the class which would establish incompatible

8                standards of conduct for the party opposing the class; or

9

10            (B)    adjudications with respect to individual members of the class

11                which would as a practical matter be dispositive of the interest

12                of the other members not parties to the adjudications or

13                substantially impair or impede their ability to protect their

14                interest; or

15        5.4    The parties opposing the class have acted or refused to act on grounds

16    generally applicable to the class, thereby making appropriate final injunctive relief

17    or corresponding declaratory relief with respect to the class as a whole; and/or

18        5.5    The questions of law or fact common to the members of the class

19    predominate over any questions affecting only individual members, and that a class

20    action is superior to other available methods for the fair and efficient adjudication

21    of the class.

22

23

24    CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
    JURY TRIAL - 19

    N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

5.6    Common questions of fact include the following:

(A)    Whether plaintiffs and class members were provided a minimum of eight hours of work each day, five days a week, for a minimum term of one year at an hourly rate as set forth in each plaintiff and class members' employment agreement.

(B)    Whether defendants deducted money from the plaintiffs and class members' pay for food without written authorization.

(C)    Whether defendants withheld state and/or federal income tax from the plaintiffs and class members' pay.

(D)    Whether defendants did not pay plaintiffs and class members for overtime worked.

(E)    Whether Global executed a revocable Power of Attorney with AACO of Bangkok, Thailand.

(F)    Whether Global appointed AACO to represent Global in Thailand to recruit plaintiffs and class members for agricultural jobs in the United States.

(G)    Whether Global appointed AACO to locate, identify and screen plaintiffs and class members for agricultural jobs in the United States.

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

(H)    Whether the plaintiffs and class members sustained consequential damages as a result of Global's breach of contract.

5.7    Common questions of law include the following:

(A)    Is the mandatory arbitration provision in the employment agreement applicable and/or unenforceable?

(B)    Did Defendants violate the Fair Labor Standards Act?

(C)    Did Defendants violate the Farm Labor Contractor Act?

(D)    Did Defendants breach the contracts with plaintiffs and class members?

(E)    Did Defendants violate Hawaii Revised Statutes §388-6 as to the Maui Plaintiffs?

1.    Did AACO act as Global's apparent or actual agent?

2.    Is the class entitled to declaratory relief?

3.    Is the class entitled to final injunctive relief?

4.    Is the class entitled to aggregate class damages?

5.    What is the measure of damages that each class member is entitled to recover?

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

# VI.  PRAYER FOR RELIEF

Wherefore, Plaintiffs request this Court:

6.1    Award Plaintiffs their unpaid minimum wages and an equal amount as liquidated damages together with costs of suit including reasonable attorneys fees, pursuant to 29 U.S.C. §216(b);

6.2    Award Plaintiffs an amount equal to the wages unlawfully withheld under the Washington Wage Payment Law as exemplary damages, together with costs of suit and reasonable attorney's fees pursuant to RCW 49.52.070;

6.3    Award Plaintiffs their unpaid wages under Hawaii wage payment laws, an equal amount as exemplary damages, and interest at a rate of six percent per year from the date that the wages were due, pursuant to HRS §388-10;

6.4    Award Plaintiffs their actual damages or statutory damages of $500 whichever is greater, for each violation of the FLCA, together with the cost of suit including reasonable attorney fees and costs pursuant to RCW 19.30.180;

6.5    Declare that Defendants Green Acre and Valley Fruit knowingly used the services of Global when Global was an unlicensed farm labor contractor, and therefore are jointly and severally liable for the actions of defendant Global and its agents and subcontractors pursuant to RCW 19.30.200;

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 22

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER**
**WHELAN WITHEY COLUCCIO**
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

6.6    Award Plaintiffs their actual, incidental, and consequential damages resulting from Defendants' breach of their employment agreement;

6.7    Order the sureties to tender to the Court the damages awarded to plaintiffs up to the amount of all applicable bonds;

6.8    Award Plaintiffs prejudgment interest at the rate of 12% per annum on the amounts of all their liquidated claims, pursuant to R.C.W. 19.52.010.

6.9    Award Plaintiffs such other relief as the court may deem just and equitable.

6.10   Certify the class in this matter pursuant to FRCP 23(a) and 23(b)(2) or FRCP 23(b)(3).

DATED this _____ day of June, 2006

ATTORNEY FOR PLAINTIFFS

STRITMATTER KESSLER WHELAN WITHEY COLUCCIO

_s/Michael E. Withey_____
s/Brad Moore_____
MICHAEL E. WITHEY, WSBA #4787
BRAD MOORE, WSBA #21802

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 23

STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131

CENTER FOR JUSTICE

_s/Breean L. Beggs_____
s/John D. Sklut_____
BREEAN L. BEGGS, WSBA #20795
JOHN D. SKLUT, WSBA #37147

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

1

2

CERTIFICATE OF SERVICE

3

4     I hereby certify that on June ____, 2006, I presented the foregoing CLASS
ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5     to the Clerk of the Court for filing and uploading to the CM/ECF system which
will send notification of such filing to the following:

6

7     Michael E. Withey          mike@skww.com
      Brad J. Moore              brad@skww.com

8     Breean Lawrence Beggs      breean@cforjustice.org,
      John D. Sklut             jsklut@cforjustice.org

9     Mary Harvill              mharvill@cforjustice.org

10

11                                    s/Breean L. Beggs_____
                                      WSBA #20795

12                                    s/John D. Sklut_____
                                      WSBA # 37147

13                                    Center for Justice
                                      35 W. Main, Suite 300

14                                    Spokane, WA 99201
                                      Telephone: (509) 835.5211

15                                    Fax: (509) 835.3867
                                      E-Mail: breean@cforjustice.org,

16                                            jsklut@cforjustice.org

17                                    Attorneys for Plaintiff

18

19

20

21

22

23

24

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 25

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO**
**200 Second Avenue**
**West Seattle, WA  98119**
**Telephone:  (206) 448-1777**
**Fax:  (206) 728-2131**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CERTIFICATE OF SERVICE

N:\Attorney Folders\John\Client Files\Yapunya, Ratthapon\Class complain final cl 3.doc

**STRITTMATTER KESSLER
WHELAN WITHEY COLUCCIO
200 Second Avenue
West Seattle, WA  98119
Telephone:  (206) 448-1777
Fax:  (206) 728-2131**