1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

15

16

17

18

19

RATTHAPON YAPUNA,
SOMKHIT NASEE, WISIT
KAMPILO, and all other similarly
situated persons,

        Plaintiffs,

        v.

GLOBAL HORIZONS
MANPOWER INC., MORDECHAI
ORIAN, PLATTE RIVER
INSURANCE COMPANY,
ACCREDITED SURETY AND
CASUALTY COMPANY, INC.,
VALLEY FRUIT ORCHARDS,
LLC, and GREEN ACRE FARMS,
INC.,

        Defendants.

NO.  CV-06-3048-RHW

**ORDER DENYING
DEFENDANTS' MOTION TO
DISMISS STATE CLAIMS FOR
LACK OF SUBJECT MATTER
JURISDICTION**

20

21

22

23

24

25

26

27

28

      Before the Court is Defendants Valley Fruit Orchards, LLC's and Green

Acre Farms, Inc.'s Motion to Dismiss State Claims for Lack of Subject Matter

Jurisdiction (Ct. Rec. 36). The motion was heard without oral argument

      Plaintiffs and purposed class members are citizens of the Kingdom of

Thailand.  They were recruited to come work in Washington in the agricultural

/// 

/// 

/// 

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS STATE
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION ~ 1**

industry.[1]  In exchange for promises of employment, Plaintiffs paid fees in order to obtain their temporary foreign agricultural worker visas and travel to Washington. These fees ranged from $8,750 to $11,250.  In order to pay these fees, many Plaintiffs took out loans that were secured by deeds to property owned by themselves or their families.[2]  Plaintiffs allege that they were promised steady, long-term work for up to three years with Global Horizons.  Plaintiffs arrived in the United States, and specifically, the state of Washington, between May and July 2004.  Four of the employees were sent home after four months of work.  The other 14 continued working for Global Horizons in Hawaii.  Their employment ended in September, 2005.

Plaintiffs are bringing the following claims: (1) Fair Labor Standards Act claim; (2) Washington Farm Labor Contractors Act claim; (3) Washington Wage Law claim; (4) Breach of contract claim; and (5) unlawful withholding of wages under Hawaii law.  At the November 2, 2006, telephonic status conference, the Court stayed the above-captioned proceedings regarding the claims asserted against Defendant Global Horizons Manpower, Inc., Accredited Surety and Casualty Company, Inc., and Morechai Orian, to allow the parties to engage in

---

[1]Defendant Global Horizon Manpower obtained temporary visas for foreign agricultural workers.  In doing so, it agreed to comply with the terms of the approved application and regulations under the temporary foreign agricultural worker program ("H2A").  Defendants Valley Fruit Orchard and Green Acres Farms contracted with Global Horizon Manpower to provide labor for their agricultural operations.

[2]If Plaintiffs did not have the money, or could not get a bank loan, the recruiting agency (AACO International Recruitment Company, Ltd ("AACO")), hired by Defendant Global Horizons Manpower to find workers in Thailand, loaned Plaintiffs the money.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS STATE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION ~ 2**

1    arbitration as required by the Employment Agreements.

2                                **DISCUSSION**

3          It is undisputed that the Court has subject matter jurisdiction to hear

4    Plaintiff's Fair Labor Standards Act claim.  The question the Court must answer is

5    whether it can and should exercise supplemental jurisdiction over the remaining

6    state law claims.

7          Pursuant to 28 U.S.C. § 1367(a), the district court may exercise

8    supplemental jurisdiction over all other claims that are so related to the federal

9    claims that they form part of the same case or controversy.  The district court may

10   decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a

11   novel or complex issue of State law; (2) the claim substantially predominates over

12   the claim or claims over which the district court has original jurisdiction; (3) the

13   district court has dismissed all claims over which it has original jurisdiction; or (4)

14   in exceptional circumstances, there are other compelling reasons for declining

15   jurisdiction.  § 1367(c).

16         State law claims are part of the same case or controversy when it shares a

17   "common nucleus of operative fact" with the federal claims and the state and

18   federal claims would normally be tried together.  *Bahrampour v. Lampert,* 356

19   F.3d 969, 978 (9th Cir. 2004) (citations omitted).  In exercising its discretion to

20   decline supplemental jurisdiction, a district court must undertake a case-specific

21   analysis to determine whether declining supplemental jurisdiction "comports with

22   the underlying objective of most sensibly accommodat[ing] the values of economy,

23   convenience, fairness and comity." *Executive Software N. Am., Inc. v. United*

24   *States Dist. Court*, 24 F.3d 1545, 1557-58 (9th Cir.1994) (alteration in original)

25   (internal quotations and citations omitted).

26         The Court finds that the federal claim and the state law claims share a

27   common nucleus of operative facts.  These facts include the terms of the H2A

28   worker's contract of employment set forth in the H2A employment application and

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS STATE
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION ~ 3**

1    whether Defendants failed to comply with the terms and conditions of the contract.

2    Also at issue will be how much Plaintiffs worked and how much they were paid,

3    the promises made and the demands made on the aliens prior to their obtaining

4    employment.  Thus, the Court has statutory authority to hear the supplemental state

5    law claims.

6           Additionally, the exercise of this authority is appropriate in this case because

7    none of the factors found in section 1367(c) apply.  The Washington Farm Labor

8    Contract Act claim is not novel or complex.  Instead, it is one of statutory

9    interpretation.  Moreover, the state law claims do not predominate over the federal

10   claims.  Finally, there are no compelling reasons to decline jurisdiction.  On the

11   contrary, the interests of judicial economy, convenience, and fairness support the

12   Court hearing the supplemental state law claims.

13          Accordingly, **IT IS HEREBY ORDERED:**

14          1.    Defendants Valley Fruit Orchards, LLC's and Green Acre Farms, Inc.'s

15   Motion to Dismiss State Claims for Lack of Subject Matter Jurisdiction (Ct. Rec.

16   36) is **DENIED**.

17          2.    For the reasons stated at the November 2, 2006, hearing, Defendant

18   Global Horizons Manpower, Inc.'s Motion to Stay All Proceedings and Compel

19   Arbitration (Ct. Rec. 24) is **GRANTED**.

20          **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

21   Order and forward copies to counsel.

22          **DATED** this 16th day of January, 2007.

23                              *S/ Robert H. Whaley*

24                          ROBERT H. WHALEY
                        Chief United States District Judge

25

26

27   Q:\CIVIL\2006\Yapuna, et al\dismiss2.wpd

28

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS STATE
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION ~ 4**