UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RATTHAPON YAPUNA, SOMKHIT NASEE, WISIT KAMPILO, and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL HORIZONS MANPOWER INC., MORDECHAI ORIAN, PLATTE RIVER INSURANCE COMPANY, ACCREDITED SURETY AND CASUALTY COMPANY, INC., VALLEY FRUIT ORCHARDS, LLC, and GREEN ACRE FARMS, INC.,<br><br>Defendants. | NO. CV-06-3048-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment re: Joint and Several Liability of Valley Fruit Orchards and Green Acres Farms (Ct. Rec. 105). The motion was heard without oral argument.

In their complaint, Plaintiffs allege that the Global Defendants[1] violated the Washington Farm Labor Contractor Act by making false and misleading

---

[1] Defendants Global Horizons Manpower, Inc., Mordechai Orian, Platte River Insurance Company and Accredited Surety and Casualty Company, Inc, are collectively referred to as the Global Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

representations to Plaintiff concerning the terms and conditions of employment; failing to provide written statements at the time of recruiting, soliciting, or hiring Plaintiffs; failing to comply with the terms and provisions of their agreements and contracts; and acting as a farm labor contractor without a license to do so from the State of Washington. Plaintiffs seeks to hold the Grower Defendants[2] jointly and severally liable for the Global Defendants' allegedly unlawful conduct.

Plaintiffs now move for partial summary judgment on the Grower Defendants' liability.

## DISCUSSION

**A.     Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law.

---

[2] Defendants Valley Fruit Orchards, LLC and Green Acre Farms, Inc. are collectively referred to as the Grower Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2**

*Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When the evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087(9th Cir. 2000).

**B.    Plaintiffs' Arguments**

Plaintiffs make two arguments in support of their motion: (1) the Grower Defendants' failed to engage in due diligence to determine whether Global had a license to operate as a farm contractor in the State of Washington, thereby subjecting themselves to joint and several liability; and (2) the doctrine of collateral estoppel, or issue preclusion, provides for joint and several liability on the part of the Grower Defendants.

Each of these arguments will be addressed in turn.

**1.    Washington Farm Labor Contractors Act**

Wash. Rev. Code § 19.30.200 states:

> Any person who knowingly uses the services of an unlicensed farm labor contractor shall be personally, jointly, and severally liable with the person acting as a farm labor contractor to the same extent and in the same manner as provided in this chapter. In making determinations under this section, any user may rely upon either the license issued by the director to the farm labor contractor under RCW 19.30.030 or the director's representation that such contractor is licensed as required by this chapter.

Wash. Admin. Code 296-310-260 states:

> (1) A person who knowingly uses the services of an unlicensed contractor is liable for unpaid wages, damages, and civil and criminal penalties to the same extent as the unlicensed contractor.
> (2) Pursuant to RCW 19.30.200, a person may prove lack of

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3**

knowledge by proving that she or he relied on a license issued by the department under chapter 19.30 RCW, or upon the department's representation that the contractor was licensed. The department shall not make oral representations that a contractor is or is not licensed. All representations by the department that a contractor is licensed shall be made in writing and shall be signed by the director or the employment standards supervisor or the assistant director. The department shall not accept reliance on a supposed oral representation as proof in any administrative enforcement proceeding.

Plaintiff reads these two provisions as creating an affirmative duty on the part of the user of a farm labor contractor to engage in due diligence by insisting on seeing either the license issued by the director to the farm labor contractor, or written representations by the director that the contractor is licensed under Washington law. According to Plaintiffs, the failure to do so subjects the user to joint and several liability.

The Court disagrees. Instead, the Court reads the statute and regulation together as setting forth an affirmative defense and directing the Department to not provide oral representations to inquiries regarding licensed farm labor contractors. Moreover, the Court finds that whether and when the Grower Defendants had constructive knowledge that Global lacked the required Washington FLCA license is a question of fact.

### 2.   **Collateral Estoppel**

Plaintiffs argue that the Grower Defendants are collaterally estopped from relitigating the issue of whether they are jointly and severally liable based on the Court's ruling in a collateral proceeding, *Perez-Farias, et. al. v. Global Horizons, et al.*, CV-05-3061-RHW. In that case, Judge McDonald made the following rulings:

> It is undisputed that Global operated as an unlicensed farm labor contractor in Washington State on behalf of Green Acre and Valley Fruit from January to October 6, 2004. The uncontested facts reveal that neither Mr. Morford nor Mr. Verbrugge investigated whether Global possessed a valid Washington State farm labor contractor license, and, after they were each advised that no license existed in July of 2004, they continued to use Global's services. Green Acre and Valley Fruit continued to use the services of Global between July and October of 2004.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4**

There, the Grower Defendants failed to file a response to the plaintiff's motion for summary judgment.[3] Moreover, Judge McDonald did not address whether there is an affirmative duty on the part of the user of a farm labor contractor to verify that the contractor has a license, nor did he address whether a user is liable for all conduct of the contractor, or only for actions that were taken while the contractor was not licensed, or during the period that the user knew that the contractor was unlicensed. Collateral estoppel does not prevent Defendants from contesting their joint and several liability.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment re: Joint and Several Liability of Valley Fruit Orchards and Green Acres Farms (Ct. Rec. 105) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of September, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Yapunya, et al\denysj.wpd

---

[3] This Court later found that good cause existed and vacated the award of statutory damages.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5**