1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF WASHINGTON
8
RATTHAPON YAPUNA,
9   SOMKHIT NASEE, WISIT                    NO.  CV-06-3048-RHW
    KAMPILO, and all other similarly
10  situated persons,
                                            **ORDER ADDRESSING
11              Plaintiffs,                  MOTIONS, *INTER ALIA***

12              v.

13  GLOBAL HORIZONS
    MANPOWER INC., MORDECHAI
14  ORIAN, PLATTE RIVER
    INSURANCE COMPANY,
15  ACCREDITED SURETY AND
    CASUALTY COMPANY, INC.,
16  VALLEY FRUIT ORCHARDS,
    LLC, and GREEN ACRE FARMS,
17  INC.,

18              Defendants.

19
20          Before the Court are Plaintiffs' Motion to Certify Class (Ct. Rec. 115);

21  Plaintiffs' Motion for a Ruling as to the Scope of the Plaintiffs' Remedies Under

22  RCW 19.30.200 (Ct. Rec. 123); Plaintiffs' Motion for an Order Requiring

23  Defendant Global Horizon to Pay for the Cost of Arbitration or Be Found in

24  Default (Ct. Rec. 168); and the Global Defendants' Motion to Lift Stay of

25  Proceedings (Ct. Rec. 143).  A hearing was held on the motions on October 21,

26  2008, in Yakima, Washington.  Plaintiffs were represented by Brad J. Moore,

27  Jeffry Finer, and Michael Withey, who participated by telephone.  The Global

28  Defendants were represented by Matthew Gibbs.  The Grower Defendants were

**ORDER ADDRESSING MOTIONS, *INTER ALIA* ~ 1**

represented by Ryan Edgely and Brendan Monahan.

1. **Global Defendants' Motion to Lift Stay of Proceedings and Plaintiffs' Motion for an Order Requiring Defendant Global Horizon to Pay for the Cost of Arbitration or be found in Default**

The Global Defendants Motion to Lift Stay and Plaintiffs' Motion for an Order Requiring Global Horizon to Pay for the Cost of Arbitration are related and must considered together.

The Global Defendants ask the Court to lift the stay that was entered on January 16, 2008, and permit the Global Defendants to participate in the trial. Plaintiffs oppose the motion. Plaintiffs are objecting to Defendants' request and ar asking that the Global Defendants not be permitted to participate in the upcoming trial—the results of which would be that the dispute between Plaintiffs and the Global Defendants would remain in arbitration. On the other hand, in their motion, Plaintiffs are asking the Court to, in essence, lift the stay to require the Global Defendants to pay for the cost of arbitration or be found in default.

With respect to the Global Defendants' motion, the employment contract at issue states:

> 16. Any dispute about the terms of this Agreement or any subject matter of this Agreement shall be resolved by binding arbitration conducted before the American Arbitration Association at Los Angeles, California.

Under this provision, Plaintiffs have a right to seek enforcement of the provisions of the employment contract in arbitration, which, consistent with their objection to Defendants' motion, would mandate the Court to deny the Global Defendants' Motion to Lift Stay of Proceedings.

With respect to Plaintiffs' motion, they do not cite to any case law that gives this Court authority to do what they are asking it to do, namely, order the Global Defendants to pay for the cost of arbitration. If the parties remained in arbitration, and Plaintiffs received a default judgment in arbitration, the Court does have the authority to enforce that judgment. However, the Court is not convinced that it has

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 2

1  the authority to order Defendants to pay the costs of the arbitration.  Without that

2  authority, it cannot enter default judgment for failure to pay those costs.

3        Accordingly, the Court denies the Global Defendants' Motion to Lift Stay of

4  Proceedings, and denies Plaintiffs' Motion for an Order Requiring Defendant

5  Global Horizon to Pay for the Cost of Arbitration or Be Found in Default.

6  **2.**    **Plaintiffs' Motion to Certify Class**

7        Plaintiffs seek to certify the following class:

8          All citizens of the Kingdom of Thailand who (1) were brought
        to the State of Washington in 2004 under the H2A visa program; (2)

9          entered into employment agreements in 2004 with Global Horizons
        that called for a minimum of eight hours of work a day, five days a

10          week, at an hourly wage stated in the employment agreement; (3)
        were not paid the required contractual minimum each and every week

11          for at least one year from the date each class member first arrived in
        the State of Washington; and (4) worked at Valley Fruit Orchards

12          and/or Green Acre Farms.

13        Before the Court can address the merits of Plaintiffs' motion, there are two

14  important questions that must be answered:  first, whether Plaintiffs' motion is

15  untimely, and second, whether the fact that neither Somkhit Nasee nor Wisit

16  Kampilo ever worked for Valley Fruit Orchards precludes them from asserting

17  claims on behalf of the class against Valley Fruit Orchards.

18       **a.**     **Whether Plaintiffs' Motion is Untimely**

19        Plaintiffs filed their motion for class certification on August 18, 2008, and

20  noted it for hearing on September 19, 2008.  At that time, the trial date was set for

21  September 29, 2008.  On September 22, 2008, the Court granted Plaintiffs' motion

22  to continue the trial date, and the trial is currently set for January 12, 2009 (Ct.

23  Rec. 172).

24        The Court has not uncovered any Ninth Circuit case law that sheds light as

25  to the timing of a request for class certification.  Case law in the Fifth, Tenth, and

26  Eleventh Circuit suggest that an untimely request for class certification is not a bar

27  to the maintenance of a class action because under Fed. R. Civ. P.23(c)(1), the

28  district court is "independently obligated" to decide whether an action should be

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 3

brought on a class-wide basis. *See Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006) (interpreting Rule 23(c)(1) to require the trial court to "take up class actions status" in a timely manner "whether requested to do so or not by a party or parties, where it is an element of the case," and therefore does not create an independent basis for denying a party's motion); *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.3s7 (11th Cir. 2003) ("Under Rule 23(c)(2), the trial court has an independent obligation to decide whether an action was properly brought as a class action, even where . . . neither party moves for a ruling on class certification."); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (same). On the other hand, the Second Circuit has affirmed the denial of motions for class certification based on untimeliness. *See Sterling v. Environ. Control Bd. of City of New York*, 793 F.2d 52, 58 (2nd Cir. 1986) (holding that a party's failure to move for class certification until a late date is a valid reason for denial of the motion).

The United States Supreme Court held that an untimely motion for class certification is a factor to consider on the merits of the motion. *See East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977). According to the Supreme Court, the failure to move for class certification in a timely manner constitutes a failure to protect the interests of class members, and "surely bears strongly on the adequacy of the representation that those class members might expect to receive." *Id.*

The Court adopts the reasoning of the Fifth, Tenth, and Eleventh Circuits and will permit Plaintiffs' to present their motion for class certification, but will consider the lateness of the filing of the motion as a factor in determining whether counsel can adequately represent the interests of the class members.

### b. Whether the Representative Plaintiffs Can Adequately Represent the Interest of the Class of Valley Fruit Orchard Workers

It is undisputed that the named representative class members, Somkhit Nasee nor Wisit Kampilo, never worked at Valley Fruit Orchards. Plaintiffs insist that

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 4

1  this is not a problem because the class-wide claims are based on the same

2  employment contract that was between the workers and Green Acre Farms and

3  Valley Fruit Orchards, respectively.

4      This issue is one of standing. A representative plaintiff must have

5  individual standing in order to assert claims on behalf of the class. *O'Shea v.*

6  *Littleton*, 414 U.S. 488, 493-94 (1974); *see also Newberg on Class Actions*, § 2.6.

7  Here, without working for Valley Fruit Orchards, the representative plaintiffs

8  would have no claims against Valley Fruit Orchards. As such, these claims must

9  be dismissed. *See Mount Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 275, 278

10  (1977) (instructing that courts must raise an issue of standing when it would lack

11  jurisdiction to deal with the merits).

12  **c.  Fed. R. Civ. P. 23 Analysis**

13      Fed. R. Civ. P. 23 sets forth the requirements to maintain a class action.

14  Fed. R. Civ. P. 23(a) states:

15      One or more members of a class may sue or be sued as
    representative parties on behalf of all only if (1) the class is so
16      numerous that joinder of all members is impracticable; (2) there are
    questions of law or fact common to the class; (3) the claims or
17      defenses of the representative parties are typical of the claims or
    defenses of the class; and (4) the representative parties will fairly and
18      adequately protect the interest of the class.

19      Plaintiffs are seeking class certification under Fed. R. Civ. P. 23(b)(3).

20  Thus, in addition to finding that the prerequisites are met, the Court must also find

21  that:

22      the questions of law or fact common to the members of the class
    predominate over any questions affecting only individual members,
23      and that a class action is superior to other available methods for the
    fair and efficient adjudication of the controversy.

24  Fed. R. Civ. P. 23(b)(3).

25      In making these findings, the Court may consider the following factors:

26      (A) the interest of members of the class in individually
    controlling the prosecution or defense of separate actions;
27      (B) the extent and nature of any litigation concerning the
    controversy already commenced by or against members of the class;
28      (C) the desirability or undesirability of concentrating the
    litigation of the claims in the particular forum;

**ORDER ADDRESSING MOTIONS, *INTER ALIA* ~ 5**

(D) the difficulties likely to be encountered in the management of the class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

Plaintiffs bear the burden of demonstrating that they have met each of the four requirements of Rule 23(a) and Rule 23(b)(3). *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

### i.    Standard of Review

The parties disagree as to the standard of review that the Court must impose in addressing the motion to certify the class. The Ninth Circuit has spoken on this issue in *Gareity v. Grant Thornton, LLP*, 368 F.3d 356 (9th Cir. 2004).

In *Gareity*, the Circuit concluded that the district court erred in that:

> by accepting the plaintiffs' allegations for purposes of certifying a class in this case, the district court failed to comply adequately with the procedural requirements of Rule 23. Rule 23(b)(3) on its face requires the court to "find [ ] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members...." (Emphasis added). In addition, the Rule lists numerous factors for the court to consider in making its "findings." If it were appropriate for a court simply to accept the allegations of a complaint at face value in making class action findings, every complaint asserting the requirements of Rule 23(a) and (b) would automatically lead to a certification order, frustrating the district court's responsibilities for taking a "close look" at relevant matters, *Amchem*, 521 U.S. at 615, 117 S.Ct. 2231, for conducting a "rigorous analysis" of such matters, *Falcon*, 457 U.S. at 161, 102 S.Ct. 2364, and for making "findings" that the requirements of Rule 23 have been satisfied, see Fed.R.Civ.P. 23(b)(3). Moreover, if courts could only consider the pleadings, then "parties would have wide latitude to inject frivolous issues to bolster or undermine a finding of predominance." Robert G. Bone & David S. Evans, *Class Certification and the Substantive Merits*, 51 Duke L.J. 1251, 1269 (2002).

*Id.* at 365.

The Circuit went on to conclude that while an evaluation of the merits to determine the strength of Plaintiffs' case is not part of the Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits and also observed:

> We must not lose sight of the fact that when a district court considers whether to certify a class action, it performs the public function of determining whether the representative parties should be allowed to prosecute the claims of absent class members. Were the

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 6

1
2
3

> court to defer to the representative parties on this responsibility by merely accepting their assertions, the court would be defaulting on the important responsibility conferred on the courts by Rule 23 of carefully determining the class action issues and supervising the conduct of any class action certified.

4  *Id.* at 366-67.

5      Thus, at this stage of the proceedings the Court is not resolving whether

6  Plaintiffs can establish that they can prove their case. Rather, the narrow question

7  before the Court is whether, under Fed. R. Civ. P. 23, a class action is a proper

8  vehicle for litigating the claims brought by Plaintiffs on behalf of the absent class

9  members. It is through this lens that the Court evaluates Plaintiffs' motion to

10  certify the class.

11              **ii.    Fed. R. Civ. P. 23(a) analysis**

12                  **1.    Numerosity**

13      Plaintiffs indicate that there are 135 workers from Thailand that would be

14  members of the putative class. Plaintiffs argue that requiring joinder of all class

15  members in one proceeding would create an undue burden on the judicial system.

16  Plaintiffs assert that the members of the class are of foreign nationality and have

17  insufficient means to pursue this matter individually.

18      The Court was unable to determine the number of absent Green Acre Farms

19  class members. Assuming approximately half of the 135workers worked at Green

20  Acre Farms, the Court concludes that Plaintiffs have met the numerosity

21  requirement.

22              **2.    Common Questions of Law and Fact**

23      Plaintiffs must show that there are questions of law or fact common to the

24  class. Fed. R. Civ. P. 23(a)(2). Commonality focuses on the relationship of

25  common facts and legal issues among class members. *Dukes v. Wal-Mart,* 509

26  F.3d 1168, 1177 (9th Cir. 2007). "The existence of shared legal issues with

27  divergent factual predicates is sufficient, as is the common core of salient facts

28  coupled with disparate legal remedies within the class. *Hanlon v. Chrysler Corp.*,

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 7

150 F.3d 1011, 1019 (9th Cir. 1998). "The commonality test is qualitative rather than quantitative–one significant issue common to the class may be sufficient to warrant certification." *Dukes*, 509 F.3d at 1177.

Plaintiffs present the following common questions of law and fact:

1. Did Plaintiffs and each class member enter into an Employment Agreement in which Global promised that they would receive a minimum of 8 hours per day, 5 days a week for a term of at least one year at the hourly rate of $8.71.

2. Did Global breach the Employment Agreement by failing to provide a minimum of one year of work to the Plaintiffs and class members?

3. Did Plaintiffs and each class member pay a recruiting fee as a condition of employment with Global?

4. Should the recruiting fee paid by the Plaintiffs and each class member be subtracted from the wages the Plaintiffs and each class member received for purposes of determining whether Plaintiffs and each class member received minimum wage?

5. Did Global violate provisions of the FLCA?

6. Are Green Acre Farms and Valley Fruit Orchards jointly and severally liable?

7. Did Green Acre Farms and Valley Fruit Orchards knowingly use the services of an unlicensed farm labor contractor?

8. Are Green Acre Farms and Valley Fruit Orchards liable for unpaid wages, damages, and civil and criminal penalties to the same extent as Global?

Plaintiffs point out that all the purported class members were brought by Global to the State of Washington in 2004 to work for Green Acre Farms or Valley Fruit Orchards under an identical Employment Agreement.

Defendants counter that the following issues will need to be decided on a member-by-member basis:

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 8

1.  Whether each member paid a recruitment fee and, if so, how much?

2.  Whether Global knew about the fees?

3.  Whether the recruitment fee was used to pay expenses that were "primarily for the benefit of the employer?"

4.  Whether and to what extent each class member was reimbursed for any expenses?

5.  Whether any class member was returned to Thailand because of visa issues?

6.  Whether any class member worked at least three-quarters of hours called for in the clearance order?

7.  Whether any member was "aggrieved" by a violation of the FLCA that occurred while Global did not have a license?

The Court finds that with respect to the Green Acre Fruit claims, Plaintiffs' identification of the common questions of law and fact meet the requirements of Fed. R. Civ. P. 26(a).  Defendants rightfully point out that there are divergent factual predicates, but under *Dukes* and *Hanlon*, these differences are not enough to preclude class certification for the Green Acre Fruit class-wide claims.  On the other hand, the Court finds that with respect to the Valley Fruit Orchards claims, there are not common questions of law and fact that would support class certification for the Valley Fruit Orchards claims.

### 3.  Typicality

Plaintiffs must show that "the claims or defenses of the representative parties be typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.  "Typicality requires that the named plaintiffs be members of the class they represent.  *Dukes*, 509 F.3d at 1184.  "Typicality is not defeated because of the varied promotional opportunities at issue, or the differing qualifications of

1   plaintiffs and class members." *Id.* at 1185 (*citing Paxton v. Union Nat'l Bank*, 688

2   F.2d 552, 562 (9th Cir. 1982)).  In fact, "some degree of individuality is to be

3   expected in all cases, but that specificity does not necessarily defeat typicality."

4   *Dukes*, 509 F.3d at 1184.  The question the Court must determine, then, is whether

5   the injury allegedly suffered by the named Plaintiffs, and the rest of the class

6   resulted from the same allegedly illegal conduct.  *Id.*

7        Plaintiffs assert that each Plaintiff and class member paid a huge recruiting

8   fee to obtain employment with Global; signed an Employment Agreement that

9   called for a full year of work; and received less pay than the Employment

10  Agreement called for.  Plaintiffs also assert that Global failed to provide them

11  adequate housing.

12       The Court finds that Plaintiffs have established that their claims would be

13  typical of the claims asserted by absent class members who worked at Green Acre

14  Farms.  Regardless of the individual circumstances, all Plaintiffs will have to show

15  that Defendant Green Acre Farms knowingly used the services of a farm labor

16  contractor.  Additionally, the alleged injury suffered by the named Plaintiffs results

17  from the same allegedly illegal pattern of conduct on the part of the Global

18  Defendants.

19       As discussed above, however, the Court finds that Plaintiffs have not

20  established that their claims would be typical of the claims asserted by absent class

21  members who worked at Valley Fruit Orchards.

22            **4.  Adequate Representation**

23       Rule 23(a)(4) permits certification of a class action only if "the

24  representative parties will fairly and adequately protect the interests of the class."

25  Fed. R. Civ. P. 23(a)(4).  This factor requires: (1) that the proposed representative

26  plaintiffs do not have conflicts of interest with the proposed class, and (2) that

27  plaintiffs are represented by qualified and competent counsel.  *Hanlon*, 150 F.3d at

28  1020.  "[A] class representative must be part of the class and 'possess the same

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 10

interest and suffer the same injury' as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 (1997) (citations omitted).

Plaintiffs assert that the interests of the named-Plaintiffs are substantially similar to the interests of the class and there are no conflicting interests present here because every member of the class is interested in protecting their statutory and contractual rights. As discussed above, this is true for the absent class members who worked at Green Acre Farms, but not true for the employees who worked at Valley Fruit Orchards.

Also, as noted above, Plaintiffs filed their motion for class certification approximately one month before the scheduled trial date. Although the untimeliness of the motion is a factor the Court must consider in determining whether the named-Plaintiffs can adequately protect the interests of the class, the Court does not find that this factor prevents the named-Plaintiffs from meeting their burden. Plaintiffs' counsel have expended considerable effort in prosecuting this case and have demonstrated to the Court that they can adequately represent the absent-members' claims.

Additionally, Defendants criticize the credibility of Plaintiff Kampil and suggests that he is a risk to flee or be deported. There is nothing substantiated in the record that would preclude Plaintiff Kampil from adequately representing the interests of the absent Green Acre Farms class members.

The Court finds that Plaintiffs have met their burden of showing that they would adequately protect the interests of the absent class members who worked at Green Acre Farms.

### 5.    Conclusion

Accordingly, the Court finds that the requirements of Fed. R. Civ. P.23(a)—numerosity, commonality, and typicality—have been met. The Court also finds that Plaintiffs' counsel will fairly and adequately protect the interests of the Green Acre Farms class.

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 11

### ii.    Fed. R. Civ. P. 23(b)(3) Analysis

In order to meet Rule 23(b)(3) requirements, Plaintiff must show both predominance and superiority of a class action claim.  In order to satisfy the predominance test, Plaintiff must show that the adjudication of common issues will help achieve judicial economy.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001).  In considering superiority, courts must consider the four factors of Rule 23(b)(3) while focusing on the efficiency and economy elements of the class actions.  *Id.*  Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action.  *Id.* at 1190.

Here, Plaintiffs meet the requirements of Rule 23(b)(3).  The common issues as set forth in section 2 predominate over the individual issues identified by Defendants.  Plaintiffs are relying on specific company-wide policies and practices that allegedly give rise to liability, which is conducive to a class action.  *See Dukes*, 509 F.3d at 1177.  Also, Plaintiffs have shown that a class action is superior to other methods available for the adjudication of the parties' dispute.  It is undisputed that without this class action, many, if not most, of the absent Green Acre class members would not be in a position to bring their individual claims.  The amount that could be recovered by a particular employee would be too small to justify individual actions by individual employees.  A class-wide litigation of the common questions will reduce litigation costs and promote greater efficiency.  *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

### iii.    Notice

Plaintiffs have presented the Court with a proposed Notice.  Defendants object to the notice based on the fact that it was not reasonably designed to identify and provide notice to the class members.  Defendants did not object to the wording of the notice, other than the fact that it was provided in English.  Plaintiffs are directed to submit a plan for notifying the Green Acre class members of the

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 12

pendency of this action and the right to opt-out of the Rule 23(b)(3) **within ten days from the date of this order.**

**3.    Plaintiffs' Motion for A Ruling as to the Scope of the Plaintiffs' Remedies under RCW 19.30.200**

Plaintiffs ask the Court to rule, as a matter of law, that the Grower Defendants will be liable for the breach of contract damages, including consequential damages, as well as all damages available under the Farm Labor Contractors Act, the Washington Minimum Wage Act, and the Fair Labor Standards Act, to the same extent as the Global Defendants.  At the hearing, Plaintiffs clarified that their theory of liability against the Grower Defendants is based on the Grower Defendant's knowing use of an unlicensed farm labor contractor.

Wash. Rev. Code § 19.30.200 states:

> Any person who knowingly uses the services of an unlicensed farm labor contractor shall be personally, jointly, and severally liable with the person acting as a farm labor contractor to the same extent and in the same manner as provided in this chapter.

The Washington Administrative Code § 296-310-260(1) provides:

> A person who knowingly uses the services of an unlicensed contractor is liable for unpaid wages, damages, and civil and criminal penalties to the same extent as the unlicensed contractor.

Plaintiffs argue that this section, along with regulation, provide for vicarious liability against the Grower Defendants for any and all damages awarded against the Global Defendants under any state or federal statute.  The Court disagrees.  The Court reads the plain language of the statute, "as provided in this chapter" to limit the scope of the vicarious liability for the use of an unlicensed farm labor contractor to specific violations of the FLCA.  The clear language of the statute precludes this Court from relying on the agency's interpretation of the statute. *Cerrillo v. Esparza*, 158 Wash.2d 194, 205 (2006) ("Where statutory language is plain and unambiguous, courts will not construe the statute but will glean the legislative intent from the words of the statute itself, regardless of contrary

1  interpretation by an administrative agency." (Citation omitted)).  Even if the Court
2  were to consider the agency's interpretation of the statute as set forth in the
3  regulation, the regulation does not provide the relief that Plaintiff is seeking.  There
4  is nothing in the regulation that would expand the scope of the remedies available
5  under the FLCA to include other state and federal statutes.  Moreover, the agency
6  does not have authority to amend the statute or to expand its scope beyond what
7  the legislator intended by the plain language of the statute.  *Coast Pacific Trading,*
8  *Inc. v. Dept. of Revenue*, 105 Wash.2d 912, 917 (1986).

9       The Court concludes that based on the plain language of section 19.30.200
10  Defendant Green Acre Farms is vicariously liable for damages caused by the
11  Global Defendants violating the Farm Labor Contractor Act, but that section
12  19.30.200 does not provide for vicarious liability that is the result of violations of
13  other federal and state statutes, such as the Washington Minimum Wage Act and
14  the Fair Labor Standards Act.

15  **4.    Modification of the Caption of the Case**

16      Plaintiffs request that the Court modify the caption of the case to no longer
17  refer to Ratthapon Yapunna as this named-Plaintiff has indicated that he no longer
18  wishes to participate in this lawsuit.  The Court will direct the District Court
19  Executive to make the requested change.

20      Accordingly, **IT IS HEREBY ORDERED:**

21      1.    The Global Defendants' Motion to Lift Stay of Proceedings (Ct. Rec.
22  143) is **DENIED**.

23      2.    Plaintiffs' Motion for an Order Requiring Defendant Global Horizon to
24  Pay for the Cost of Arbitration or Be Found in Default (Ct. Rec. 168) is **DENIED**.

25      3.    Plaintiffs' Motion to Certify Class of Similarly Situated Individuals (Ct.
26  Rec. 115) is **GRANTED,** with respect to Green Acre Farms, and **DENIED**, with
27  respect to Valley Fruit Orchards.  **Within 10 days from the date of this order**,
28  Plaintiffs shall file their plan for notifying the Green Acre Farms class members of

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 14

the pendency of this action and the right to opt-out of the Rule 23(b)(3) Class.

     4.    Plaintiffs' Motion for a Ruling as to the Scope of the Plaintiffs' Remedies under RCW 19.30.200 (Ct. Rec. 123) is **DENIED**.

     5.    The District Court Executive is directed to amend the caption so that the Plaintiffs are now:

     SOMKHIT NASEE, WISIT KAMPILO,
and all other similarly situated persons,

          Plaintiffs,

     6.    Plaintiffs' Motion to File Overlength Brief (Ct. Rec. 164) is **GRANTED**.

     7.    Plaintiffs' Motion to Expedite (Ct. Rec. 166) is **GRANTED**.

     8.    The claims asserted against Defendant Valley Fruit Orchards are **DISMISSED** with prejudice.

     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

     **DATED** this 14TH day of November, 2008.

          *S/ Robert H. Whaley*

          ROBERT H. WHALEY
          Chief United States District Judge

Q:\CIVIL\2006\Yapunya, et al\order3.wpd

**ORDER ADDRESSING MOTIONS,** *INTER ALIA* ~ 15