1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8
9
10

SOMKHIT NASEE, WISIT
KAMPILO, and all other similarly
situated persons,

NO.  CV-06-3048-RHW

Plaintiffs,

11
12

v.

13
14
15
16
17
18

GLOBAL HORIZONS
MANPOWER INC., MORDECHAI
ORIAN, PLATTE RIVER
INSURANCE COMPANY,
ACCREDITED SURETY AND
CASUALTY COMPANY, INC.,
VALLEY FRUIT ORCHARDS,
LLC, and GREEN ACRE FARMS,
INC.,

Defendants.

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
LEAVE TO AMEND
COMPLAINT UNDER FRCP
15(a); SECOND MOTION TO
CERTIFY A CLASS OF
SIMILARLY SITUATED
INDIVIDUALS**

19
20
21
22
23
24
25

A hearing on Plaintiffs' Motion for Leave to Amend Complaint Under
FRCP 15(a) (Ct. Rec. 212) and Second Motion to Certify a Class of Similarly
Situated Individuals (Ct. Rec. 214) was held on March 3, 2009.  Plaintiffs were
represented by Brad Moore, Jeffry Finer and Keith Kesler.  The Grower
Defendants were represented by Ryan Edgely and Brendan Monahan.  The Global
Defendants were represented by Matthew Gibbs.  Local counsel Gary Lofland
appeared and was excused.

26

**1.    Motion for Leave to Amend Complaint under FRCP 15(a)**

27
28

Fed. R. Civ. P. 15(a)(2) provides:

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A
CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 1**

1    [A] party may amend its pleading only with the opposing
2    party's written consent or the court's leave. The court should freely
     give leave when justice so requires.

3    Previously, the Court held that the interests of justice in seeing that

4    Plaintiffs' claims be heard outweighed any prejudice to the Defendants.  Thus, the

5    only reason to deny the motion is if amending the complaint to add the newly-

6    named Plaintiffs would result in undue delay, bad faith or futility.  *See Theme*

7    *Promotions, Inc. v. News America Marketing FSI,* 546 F.3d 991, 1010 (9th Cir.

8    2008); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.

9    2003).

10   The Grower Defendants argue that permitting Plaintiffs to amend their

11   complaint will be futile because the proposed Plaintiffs do not have standing to

12   bring a Fair Labor Standards Act claim or a Washington FLCA claim against

13   Valley Fruit.  The Global Defendants argue that Plaintiffs have acted with undue

14   delay and Defendants would be continued to be prejudiced if Plaintiffs' motion is

15   granted.

16   At the hearing, Plaintiffs clarified that the FLSA claim was only being

17   asserted against Global.  Thus, the only claims asserted against the Grower

18   Defendants are claims based on vicarious liability for Global's alleged violations

19   under FLCA.

20   Here, it is undisputed that the proposed Plaintiffs have standing to sue

21   Global under both FLSA and FLCA.  Whether they can assert claims against the

22   Grower Defendants is a secondary issue and would not render Plaintiffs' claims

23   against Global as futile.  As such, leave to amend will be granted.

24   **2.    Second Motion to Certify a Class of Similarly Situated Individuals**

25   Plaintiffs propose the following class definition:

26   All citizens of the Kingdom of Thailand who (1) were brought
     to the State of Washington in 2004 under the H2A Visa program (2)
27   were not paid what they were contractually entitled to be paid, and (3)

28

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A
CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 2**

worked at Green Acre Farms or Valley Fruit Orchards.

Previously, the Court certified a class of Global employees who were worked at Green Acre farms but concluded that Plaintiffs failed to name a representative plaintiff that had individual standing to assert claims against Valley Fruit on behalf of the class (Ct. Rec. 187). At the time it entered the Order, the case against Global had been stayed. Thus, the Court was looking at the class certification question by analyzing the claims being asserted against the Grower Defendants. Because of this, the Court certified the Green Acre subclass, but declined to certify the Valley Fruit subclass.

On January 6, 2009, the Court granted Global's Motion to Lift the Stay and as set forth above, granted Plaintiffs' Motion to Amend Complaint. Presently, the claims being asserted in the Amended Complaint are FLSA, FLCA, and breach of contract claims asserted against Global. Plaintiffs are not asserting any specific claims against the Grower Defendants; rather Plaintiffs assert the Grower Defendants are jointly and severally liable with Global and its agents for all violations of FLCA.

Fed. R. Civ. P. 23 sets forth the requirements to maintain a class action. Fed. R. Civ. P. 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or
> defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Plaintiffs are seeking class certification under Fed. R. Civ. P. 23(b)(3). Thus, in addition to finding that the prerequisites are met, the Court must also find that:

> the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 3**

Fed. R. Civ. P. 23(b)(3).

In making these findings, the Court may consider the following factors: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of the class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

For the same reasons as set forth in the Court's previous Order granting certification for the Green Acres workers, the Court finds that Plaintiffs have established that it is appropriate to certify the class as set forth above. There are 135 proposed class members. This meets the numerosity requirement. There are common questions of law and fact surrounding the claims asserted against Global. While the question of joint and several liability of the Grower Defendants may present different factual predicates, these differences are not enough to preclude certification of the class-wide claims against the Global Defendants. The Court finds that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Plaintiffs assert that each Plaintiff and class member paid a huge recruiting fee to obtain employment with Global; signed an Employment Agreement that called for a full year of work; and received less pay than the Employment Agreement called for. Plaintiffs also assert that Global failed to provide them adequate housing. The Court finds that these claims would be typical of the claims asserted by absent class members who worked at Green Acre Farms or Valley Fruit. Regardless of the individual circumstances, all Plaintiffs will have to show that Defendant Green Acre Farms or Valley Fruit knowingly used the services of a farm labor contractor. Additionally, the alleged injury suffered by the named Plaintiffs results from the same allegedly illegal pattern of

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 4**

conduct on the part of the Global Defendants.  Moreover, Plaintiffs have met their burden of showing that they would adequately protect the interests of the absent class members who worked at Green Acre Farms and Valley Fruit.

Thus, the Court finds that the requirements of Fed. R. Civ. P. 23(a)—numerosity, commonality, and typicality—have been met. The Court also finds that Plaintiffs' counsel will fairly and adequately protect the interests of the proposed class.

The Court also finds that the requirements of Fed. R. Civ. 23(b) are met for the reasons stated in Ct. Rec. 187.

**3.    Class Definition**

The Court is concerned that the class definition propose by Plaintiffs does not properly identify Plaintiffs as Global employees.  Therefore, the Court proposes the following class definition:

> All citizens of the Kingdom of Thailand who (1) were brought to the State of Washington in 2004 under the H2A Visa program and employed by Global Horizons, Inc., (2) were not paid by Global Horizons, Inc. what they were contractually entitled to be paid, and (3) worked at Green Acre Farms or Valley Fruit Orchards.

The parties are directed to meet and confer to discuss this proposed class definition and also discuss a plan for notifying class members of the pendency of the action and the right to opt-out of the Rule 23(b)(3) Class.  The parties are directed to present a joint plan, including the proposed notice, to the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion to Amend Complaint under FRCP 15(a) (Ct. Rec. 212) is **GRANTED**.

2.    Plaintiffs' Second Motion to Certify a Class of Similarly Situated Individuals (Ct. Rec. 214) is **GRANTED**.

3.    Within 10 days from the date of this Order, the parties shall present a joint plan, including the proposed notice, for notifying class members of the

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 5**

pendency of this action and the right to opt-out of the Rule 23(b)(3) Class.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 12th  day of March, 2009.


*s/Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Nasee, et al\grant.amend2.wpd

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT UNDER FRCP 15(a); SECOND MOTION TO CERTIFY A CLASS OF SIMILARLY SITUATED INDIVIDUALS ~ 6**