1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF WASHINGTON
8
9   RATTHAPON YAPUNA,
    SOMKHIT NASEE, WISIT
10  KAMPILO, and all other similarly
    situated persons,                        NO.  CV-06-3048-RHW
11
12          Plaintiffs,

13          v.                               **ORDER GRANTING THE
                                             GROWER DEFENDANTS'
14  GLOBAL HORIZONS                          MOTION FOR SUMMARY
    MANPOWER INC., MORDECHAI                 JUDGMENT; DISMISSING
15  ORIAN, PLATTE RIVER                      CLAIMS AGAINST GROWER
    INSURANCE COMPANY,                       DEFENDANTS WITHOUT
16  ACCREDITED SURETY AND                    PREJUDICE**
    CASUALTY COMPANY, INC.,
17  VALLEY FRUIT ORCHARDS,
    LLC, and GREEN ACRE FARMS,
18  INC.,

19          Defendants.
20
21          Before the Court is the Grower Defendant's Motion for Summary Judgment

22  (Ct. Rec. 304).  A hearing on the motion was held on August 31, 2009.  Plaintiffs

23  were represented by Brad Moore.  The Grower Defendants were represented by

24  Ryan Edgley.

25          This case was originally filed on June 6, 2006.  Since that time, the Court

26  has addressed a motion to dismiss and motion to stay (Ct. Rec. 36), a motion for

27  partial summary judgment (Ct. Rec. 105), a motion to lift the stay (Ct. Rec. 178),

28  **ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR
    SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER
    DEFENDANTS WITHOUT PREJUDICE ~ 1**

1  and a motion to amend (Ct. Rec. 212).  The Court has certified the class (Ct. Rec.

2  115, 214), as well as approved opt-in notices (Ct. Rec. 92) and notices to be sent to

3  the purported class members (Ct. Rec. 88, 293).  In addition, there are pending

4  motions for summary judgment (Ct. Rec. 280, 301).

5       As a result of these various motions, proceedings, and rulings, the nature and

6  scope of Plaintiffs' federal claims have been significantly narrowed and are now

7  better understood by the Court and the Defendants.  We now know that the Fair

8  Labor Standards Act ("FLSA") claim involved only the first week of work.  The

9  FLSA claim is not about wages and work paid during the entire time that Plaintiffs

10 were employed by Global Horizons, Inc. to work at the Grower Defendants' farms.

11 Rather, Plaintiffs are bringing a narrow FLSA federal claim that is referred to as a

12 *Arriaga* claim.  Plaintiffs allege that the expenses paid in Thailand for physical

13 exams, Visa application fees, passport fees, and fees for recruitment and travel

14 were for the benefit of Global Horizons, Inc., and when subtracted from the wages

15 paid during the first work week in the state of Washington, brought their wages

16 below the federal minimum for that work week.  There are no facts concerning this

17 claim that involve the Grower Defendants.

18       Plaintiffs alleged breach of contract claims and claims based on alleged

19 violations of the state Farm Labor Contractor Act ("FLCA").  These state claims

20 also involve facts concerning the activities of Global Horizon, Inc., but involve

21 conduct during the recruitment process and the Plaintiffs' contracts with Global

22 Horizon, Inc.  The Grower Defendants are sued only because of vicarious liability

23 imposed by state statute under certain circumstances.  The only factual issue

24 involving the Grower Defendants is the date the Grower Defendants learned that

25 Global Horizons, Inc. did not have a state license.

26 ///

27 ///

28

**ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER DEFENDANTS WITHOUT PREJUDICE ~ 2**

### DISCUSSION

The jurisdiction of the federal courts is limited to "cases" and "controversies." U.S. Const., Art. III, sec. 2. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). An objection that a federal court lacks subject matter jurisdiction may be raised at any time, even after trial and the entry of judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The objection, made under Federal Rule of Civil Procedure 12(b)(1), may be raised by a party or by the court on its own initiative. *Id.*

Federal courts deciding claims within their federal-question subject matter jurisdiction under 28 U.S.C. § 1331, may decide state law claims not within their subject matter jurisdiction if the federal and state law claims "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding. *Gibbs*, 383 U.S. 715, 725 (1966).

28 U.S.C. § 1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Under the *Gibbs* standard, there are three requirements before federal courts may exercise supplemental jurisdiction to hear state law claims: (1) "the federal claim must have substance sufficient to confer subject matter jurisdiction on the court;" (2) the state and federal claims must derive from a common nucleus of operative facts; and (3) the plaintiff's claims are such that he or she would ordinarily expect to try them all in one judicial proceeding. *Gibbs*, 383 U.S. at 725.

**ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER DEFENDANTS WITHOUT PREJUDICE ~ 3**

1       Here, the Grower Defendants argue that the facts underlying the federal

2   FLSA claim are not operative in determining Plaintiffs' state law FLCA claim.

3   The Court agrees.  The Court finds the reasoning and analysis of the Third Circuit

4   in *Lyon v. Whisman*, 45 F.3d 758 (3ʳᵈ Cir. 1995) and the Eleventh Circuit in

5   *Hudson v. Delta Airlines, Inc.*, 90 F.3d 451 (11ᵗʰ Cir. 1996) provide guidance to the

6   Court in determining whether this Court should hear the state claims.  In *Lyons*, the

7   Third Circuit held that the plaintiff's FLSA claim involved very narrow, well-

8   defined factual issues about hours worked during particular weeks, and the facts

9   relevant to her state law contract and tort claims, which involved the employer's

10  underpayment of a bonus and refusal to pay the bonus if the plaintiff started

11  looking for another job, were distinct.  *Lyons,* 45 F.3d at 763. While the case

12  involved the same parties, employment relationship, time period, and

13  compensation issues, the operative facts were not common.

14      In this case, the FLSA claim is narrow and distinct.  The operative facts

15  involving the FLSA claim include the amount of wages that were paid the first

16  week of work and the amount of expenses paid by the plaintiffs, and the legal

17  question of whether these expenses were for the benefit of Global Horizons, Inc.[1]

18  These facts are not operative to the Farm Labor Contract Act claims.

19      At best, Plaintiffs argue that the facts between the FLSA claim and the

20  FLCA claims "overlap."  However, overlapping facts do not meet the requirements

21  of a common nucleus of operative facts.  As such, the Court concludes that it does

22  not have authority to exercise supplemental jurisdiction over the FLCA claims

23  because the FLSA claims and the FLCA claims are a separate case and

24  controversy.

25      In the alternative, even if the Court has the authority to exercise

---

27      [1]In their Proposed Pretrial Order, Plaintiffs agree that they were each paid

28  $348.40 in wages during their first week of employment with Global Horizons.

**ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER
DEFENDANTS WITHOUT PREJUDICE ~ 4**

1  supplemental jurisdiction over the FLCA claims, it questions whether it should do

2  so.  At first blush, strong reasons exist to try the FLCA claims on October 13,

3  2009.  This case has been before this Court since 2006, and the parties are ready

4  for trial.  However, the interpretation of Wash. Rev. Code § 19.30.200 as applied to

5  this case implicates a novel or complex issue of state law.  The alternative ground

6  for the instant motion is to dismiss the FLCA claim because at the time of the

7  alleged violation of the FLCA, Global Horizons had a license.  The motion

8  addresses a crucial legal interpretation of the Washington statute where there is no

9  precedent to guide the Court.  The state court is in a better position to interpret

10  §19.30.200 and determine the scope of liability for persons who use unlicensed

11  farm contractors.  In addition, at the trial, the state claims would consume the bulk

12  of the presentation of evidence.  In such cases, the Court must consider whether the

13  retention of jurisdiction over the state claims is appropriate.  *See* 28 U.S.C. §

14  1367(c).  It may not be in this case.

15      Here, the Global Defendants did not join in the motion.  The same analysis

16  may apply to Global and the Court is required to address the jurisdictional issue.

17  Before the Court so rules, however, it will give the parties on opportunity to

18  address the Court on this issue.

19      Accordingly, **IT IS HEREBY ORDERED:**

20      1.      The Grower Defendant's Motion for Summary Judgment (Ct. Rec. 304)

21  is **GRANTED**.

22      2.      The claims against the Grower Defendants are dismissed without

23  prejudice.

24      3.      The Global Defendants are ordered to file responsive briefing as to

25  whether the Court has subject matter jurisdiction to hear the state law claims on or

26  before **September 11, 2009.**  On or before **September 18, 2009**, Plaintiff shall file

27  their response.

28

**ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER
DEFENDANTS WITHOUT PREJUDICE ~ 5**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of September, 2009.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Senior United States District Judge

Q:\CIVIL\2006\Nasee, et al\grantdismiss.wpd

**ORDER GRANTING THE GROWER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST GROWER DEFENDANTS WITHOUT PREJUDICE ~ 6**